Jonathan Short
Mark Nikolsky
Matthew Sklar
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel:  (973) 622-4444
Fax:  (973) 624-7070
*jshort@mccarter.com*
*mnikolsky@mccarter.com*
*msklar@mccarter.com*

*Attorneys for Plaintiff*
*Durst Corporation, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DURST CORPORATION, INC., | C.A. No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ALTMANS PRODUCTS LLC, GRUPO HELVEX, S.A. DE C.V., and HELVEX, S.A. DE C.V., | |
| Defendants. | |

**COMPLAINT**

For its Complaint against Defendant Altmans Products LLC ("Altmans"), whose principal place of business, on information and belief, is located at 1201 W. Francisco Street, Torrance, California 90502; Defendant Grupo Helvex, S.A. de C.V. ("Grupo Helvex"), whose principal place of business, on information and belief, is located at Calz. Coltongo No. 293 Industrial Vallejo, Azcapotzalco, 02300 Ciudad De Mexico Distrito Federal Mexico; and Defendant Helvex, S.A. de C.V. ("Helvex"), whose principal place of business, on information

and belief, is located at Calz. Coltongo No. 293 Industrial Vallejo, Azcapotzalco, 02300 Ciudad De Mexico Distrito Federal Mexico, Plaintiff Durst Corporation, Inc. ("Durst"), whose principal place of business is located at 129 Dermody Street, Cranford, New Jersey 07016, alleges as follows:

## THE PARTIES

1.      Plaintiff Durst is a corporation duly organized and existing under the laws of the State of New Jersey, having its principle place of business at 1129 Dermody Street, Cranford, New Jersey 07016.

2.      On information and belief, Defendant Altmans is a limited liability company organized and existing under the laws of the State of California, having its principle place of business at 1201 W. Francisco Street, Torrance, California 90502.

3.      On information and belief, Defendant Grupo Helvex is a corporation duly organized and existing under the laws of Mexico, having its principal place of business at Calz. Coltongo No. 293 Industrial Vallejo, Azcapotzalco, 02300 Ciudad De Mexico Distrito Federal Mexico.

4.      On information and belief, Defendant Helvex is a corporation duly organized and existing under the laws of Mexico, having its principal place of business at Calz. Coltongo No. 293 Industrial Vallejo, Azcapotzalco, 02300 Ciudad De Mexico Distrito Federal Mexico.

5.      Altmans, Grupo Helvex, and Helvex are collectively referred to herein as the "Defendants."

6.      Plaintiff asserts that it is entitled to relief against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same activities relating to the making, using, importing into the United States, offering for sale, exposing for sale, and/or selling of

products that give rise to Plaintiff's infringement allegations and further asserts that questions of fact common to all of the Defendants will arise in this action.

## NATURE OF THE ACTION

7.      This is a civil action for patent infringement regarding U.S. Design Patent No. D694,357 S (the "'357 Patent") arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. § 271.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including but not limited to 35 U.S.C. § 271.

9.      On information and belief, Altmans is in the business of manufacturing, developing, commercializing, and selling products for the kitchen and bath industry.

10.     On information and belief, Altmans is in the business of manufacturing, developing, commercializing, and selling – among other things – showerheads.

11.     On information and belief, Altmans offers to sell, exposes for sale, and sells products for the kitchen and bath industry – such as showerheads – throughout the United States, including within this judicial district.

12.     On information and belief, Grupo Helvex is in the business of manufacturing, developing, commercializing, and selling products for the kitchen and bath industry.

13.     On information and belief, Grupo Helvex is in the business of manufacturing, developing, commercializing, and selling – among other things – showerheads.

14.     On information and belief, Grupo Helvex offers to sell, exposes for sale, and sells products for the kitchen and bath industry – such as showerheads – throughout the United States,

3

including within this judicial district.

15.     On information and belief, Helvex is in the business of manufacturing, developing, commercializing, and selling products for the kitchen and bath industry.

16.     On information and belief, Helvex is in the business of manufacturing, developing, commercializing, and selling – among other things – showerheads.

17.     On information and belief, Helvex offers to sell, exposes for sale, and sells products for the kitchen and bath industry – such as showerheads – throughout the United States, including within this judicial district.

18.     On information and belief, Grupo Helvex performs business operations through subsidiaries.

19.     On information and belief, Helvex performs business operations through subsidiaries.

20.     On information and belief, Helvex is a wholly owned subsidiary of Grupo Helvex.

21.     On information and belief, Altmans is a wholly owned subsidiary of Grupo Helvex.

22.     On information and belief, Grupo Helvex owns Altmans directly or through its subsidiary Helvex.

23.     On information and belief, Altmans and Grupo Helvex operate as an integrated, unitary business.

24.     On information and belief, Altmans and Helvex operate as an integrated, unitary business.

25.     On information and belief, Altmans, Grupo Helvex, and Helvex operate as an integrated, unitary business.

4

26. On information and belief, Altmans offers to sell, exposes for sale, and sells products that fall within the scope of the '357 Patent throughout the United States, including within this judicial district.

27. On information and belief, Altmans has committed and is committing acts of infringement with respect to the '357 Patent in this judicial district.

28. On information and belief, Group Helvex, by itself and/or through one or more of its subsidiaries, offers to sell, exposes for sale, and sells products that fall within the scope of the '357 Patent throughout the United States, including within this judicial district.

29. On information and belief, Grupo Helvex has committed and is committing acts of infringement with respect to the '357 Patent in this judicial district.

30. On information and belief, Helvex, by itself and/or through one or more of its subsidiaries, offers to sell, exposes for sale, and sells products that fall within the scope of the '357 Patent throughout the United States, including within this judicial district.

31. On information and belief, Helvex has committed and is committing acts of infringement with respect to the '357 Patent in this judicial district.

32. On information and belief, by virtue of, *inter alia*, Altmans' continuous and systematic contacts with New Jersey, including but not limited to the above-described activities, this Court has personal jurisdiction over Altmans.

33. The activities referenced in the preceding paragraph satisfy due process and confer personal jurisdiction over Altmans.

34. On information and belief, by virtue of, *inter alia*, Grupo Helvex's continuous and systematic contacts with New Jersey, including but not limited to the above-described activities, this Court has personal jurisdiction over Grupo Helvex.

5

35.     The activities referenced in the preceding paragraph satisfy due process and confer personal jurisdiction over Grupo Helvex.

36.     On information and belief, by virtue of, *inter alia*, Helvex's continuous and systematic contacts with New Jersey, including but not limited to the above-described activities, this Court has personal jurisdiction over Helvex.

37.     The activities referenced in the preceding paragraph satisfy due process and confer personal jurisdiction over Helvex.

38.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 28 U.S.C. § 1400(b).

## THE CONTROVERSY

### The '357 Patent

39.     The '357 Patent, entitled "Showerhead," issued on November 26, 2013.

40.     A copy of the '357 Patent is attached as **Exhibit A**.

41.     Durst is the assignee and owner of all right, title, and interest in the '357 Patent.

42.     Durst's status as the owner by assignment of the '357 Patent confers upon Durst the right to enforce the '357 Patent and sue for infringement thereof.

43.     Durst, among other things, markets and sells products under the name "Jaclo Industries."

44.     Durst has marked and marks products embodying the invention of the '357 Patent that it has been and is making, offering for sale, selling and/or importing within or into the United States in accordance with 35 U.S.C. § 287 and thus, provides notice to the public that such products are patented articles that fall within the scope of the claim of the '357 Patent.

45.     The following are images from the '357 Patent that depict specific embodiments

6

claimed by the '357 Patent:



FIG. 8

FIG. 9



FIG. 11

FIG. 12



FIG. 13

46.     The following are additional images from the '357 Patent that further depict specific embodiments claimed by the '357 Patent:



FIG. 36



FIG. 37

FIG. 39



FIG. 40

FIG. 41

**The Accused Products**

47.     On information and belief, Altmans maintains a website at least at the uniform

11

resource locator http://www.altmansproducts.com/ and all related webpages ("the Altmans website").

48.     The Altmans website displays various products for sale, including showerheads.

49.     The Altmans website also indicates that products which are displayed for sale on the Altmans website may be purchased, at least, at 14 different locations in the state of New Jersey.

50.     The Altmans website displays two different types of showerheads for sale that are each characterized as a "4mm Thin Square Anti Lime rain Head."

51.     One of the aforementioned showerheads is further identified with product model number HX-H-3008PC (the "HX-H-3008PC model").

52.     The second aforementioned showerhead is further identified with product model number HX-H-3009PC (the "HX-H-3009PC model").

53.     The HX-H-3008PC model and the HX-H-3009PC model are collectively referred to herein as the "accused products."

54.     The Altmans website displays images of products that Altmans offers to sell.

55.     On the Altmans website, there is an image of the HX-H-3008PC model.

56.     On the Altmans website, there is an image of the HX-H-3009PC model.

57.    The following is an image of an accused product that was purchased in the United States:



58.     The following is an image of an additional accused product that was purchased in the United States:



59.     On information and belief, the accused products are embodiments of the invention claimed by the '357 Patent.

60.     On information and belief, Altmans has been and is making, using, offering to sell, exposing for sale, and/or selling the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

61.     On information and belief, at the very least, the Altmans website indicates that Altmans offers to sell, exposes for sale, and sells the accused products within the United States,

14

including within this judicial district.

62.     On information and belief, Grupo Helvex has been and is making, using, offering to sell, exposing for sale, and/or selling the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

63.     On information and belief, Grupo Helvex – by itself and/or through its subsidiary and/or subsidiaries – has been and is making, using, offering to sell, exposing for sale, and/or selling the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

64.     On information and belief, at the very least, the Altmans website indicates that Grupo Helvex offers to sell, exposes for sale, and sells the accused products within the United States, including within this judicial district.

65.     On information and belief, Helvex has been and is making, using, offering to sell, exposing for sale, and/or selling the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

66.     On information and belief, Helvex – by itself and/or through its subsidiary and/or subsidiaries – has been and is making, using, offering to sell, exposing for sale, and/or selling, the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

67.     On information and belief, at the very least, the Altmans website indicates that Helvex offers to sell, exposes for sale, and sells the accused products within the United States, including within this judicial district.

## COUNT I

### (Infringement of the '357 Patent )

68.     Durst repeats and realleges the allegations set forth in Paragraphs 1 to 67 of this Complaint as if fully set forth herein.

69.     The '357 Patent was duly and legally issued by the United States Patent and Trademark Office on November 26, 2013.

70.     Durst is the owner by assignment of the '357 Patent, has been the owner by assignment of the '357 Patent since it issued, and has the right to sue for infringement of the '357 Patent.

71.     On information and belief, Defendants have knowledge of the '357 Patent and of their infringing acts at least through the filing of this Complaint.

72.     As explained above, Durst has marked and marks products with the '357 Patent in accordance with 35 U.S.C. § 287.

73.     On information and belief, Defendants are and have been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent by making, using, offering to sell, exposing for sale, and/or selling showerheads embodying the invention of the '357 Patent, including at least the accused products, within the United States and/or by importing such showerheads, including at least the accused products, into the United States.

74.     Durst has been damaged and irreparably harmed by Defendants' infringing activities and will continue to suffer damages and irreparable harm unless the Court enjoins Defendants from continuing these activities.

## COUNT II

### (Infringement of the '357 Patent By Altmans)

75.     Durst repeats and realleges the allegations set forth in Paragraphs 1 to 74 of this Complaint as if fully set forth herein.

76.     On information and belief, Altmans is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent by making, using, offering to sell, exposing for sale, and/or selling showerheads embodying the invention of the '357 Patent, including at least the accused products, within the United States and/or by importing such showerheads, including at least the accused products, into the United States.

77.     On information and belief, Altmans has knowledge of the '357 Patent and of its infringing acts at least through the filing of this Complaint.

78.     Durst has been damaged and irreparably harmed by Altmans' infringing activities and will continue to suffer damages and irreparable harm unless the Court enjoins Altmans from continuing these activities.

## COUNT III

### (Infringement of the '357 Patent By Grupo Helvex)

79.     Durst repeats and realleges the allegations set forth in Paragraphs 1 to 78 of this Complaint as if fully set forth herein.

80.     On information and belief, Grupo Helvex is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent by making, using, offering to sell, exposing for sale, and/or selling showerheads embodying the invention of the '357 Patent, including at least the accused products, within the United States and/or by importing such showerheads, including at least the accused products, into the United States.

17

81.    On information and belief, Grupo Helvex has knowledge of the '357 Patent and of its infringing acts at least through the filing of this Complaint.

82.    Durst has been damaged and irreparably harmed by Grupo Helvex's infringing activities and will continue to suffer damages and irreparable harm unless the Court enjoins Grupo Helvex from continuing these activities.

## COUNT IV

### (Infringement of the '357 Patent By Helvex)

83.    Durst repeats and realleges the allegations set forth in Paragraphs 1 to 82 of this Complaint as if fully set forth herein.

84.    On information and belief, Helvex is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent by making, using, offering to sell, exposing for sale, and/or selling showerheads embodying the invention of the '357 Patent, including at least the accused products, within the United States and/or by importing such showerheads, including at least the accused products, into the United States.

85.    On information and belief, Helvex has knowledge of the '357 Patent and of its infringing acts at least through the filing of this Complaint.

86.    Durst has been damaged and irreparably harmed by Helvex's infringing activities and will continue to suffer damages and irreparable harm unless the Court enjoins Helvex from continuing these activities.

## REQUEST FOR RELIEF

WHEREFORE, Durst respectfully requests that this Court enter judgment in its favor granting the following relief:

ME1 18803920v.2

A.      declaring that Defendants are and have been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent;

B.      declaring that Altmans is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent;

C.      declaring that Grupo Helvex is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent;

D.      declaring that Helvex is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent;

E.      issuing orders granting a preliminary injunction and a permanent injunction enjoining Defendants and all persons acting in active concert with or participating with Defendants – as well as their successors and assigns – from making, using, offering to sell, exposing for sale, and/or selling the accused products as well as any other products found to be covered by the claim of the '357 Patent within the United States and/or from importing the accused products as well as any other products found to be covered by the claim of the '357 Patent into the United States until the expiration of the '357 Patent;

F.      issuing orders granting a preliminary injunction and a permanent injunction enjoining Altmans and all persons acting in active concert with or participating with Altmans – as well as their successors and assigns – from making, using, offering to sell, exposing for sale, and/or selling the accused products as well as any other products found to be covered by the claim of the '357 Patent within the United States and/or from importing the accused products as well as any other products found to be covered by the claim of the '357 Patent into the United States until the expiration of the '357 Patent;

G.      issuing orders granting a preliminary injunction and a permanent injunction

19

enjoining Grupo Helvex and all persons acting in active concert with or participating with Grupo Helvex – as well as their successors and assigns – from making, using, offering to sell, exposing for sale, and/or selling the accused products as well as any other products found to be covered by the claim of the '357 Patent within the United States and/or from importing the accused products as well as any other products found to be covered by the claim of the '357 Patent into the United States until the expiration of the '357 Patent;

H.      issuing orders granting a preliminary injunction and a permanent injunction enjoining Helvex and all persons acting in active concert with or participating with Helvex – as well as their successors and assigns – from making, using, offering to sell, exposing for sale, and/or selling the accused products as well as any other products found to be covered by the claim of the '357 Patent within the United States and/or from importing the accused products as well as any other products found to be covered by the claim of the '357 Patent into the United States until the expiration of the '357 Patent;

I.      awarding Durst an accounting and damages resulting from infringement of the '357 Patent by any or all of the Defendants (Altmans, Grupo Helvex, and/or Helvex) in an amount no less than a reasonable royalty or any other minimum amount guaranteed under the law, including but not limited damages pursuant to 35 U.S.C. §§ 284 and/or 289;

J.      awarding Durst pre-judgment and post-judgment interest at the maximum allowable rate;

K.      declaring this to be an exceptional case and awarding Durst attorneys' fees under 35 U.S.C. § 285;

L.      awarding Durst its costs and expenses in this action; and

M.      awarding Durst all other such relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Durst hereby requests a trial by a jury on all issues so triable.


Dated: August 25, 2014

<u>s/Jonathan Short</u>
Jonathan Short
Mark Nikolsky
Matthew Sklar
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel:  (973) 622-4444
Fax:  (973) 624-7070
*jshort@mccarter.com*
*mnikolsky@mccarter.com*
*msklar@mccarter.com*

*Attorneys for Plaintiff*
*Durst Corporation, Inc.*

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: August 25, 2014

s/Jonathan Short
Jonathan Short
Mark Nikolsky
Matthew Sklar
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel:  (973) 622-4444
Fax:  (973) 624-7070
*jshort@mccarter.com*
*mnikolsky@mccarter.com*
*msklar@mccarter.com*

*Attorneys for Plaintiff*
*Durst Corporation, Inc.*